**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3213-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAHEEM JONES,

     Defendant-Appellant.

_____

> Submitted September 28, 2022 – Decided October 14, 2022
>
> Before Judges Messano and Gilson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-05-0503.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).
>
> Matthew J. Platkin, Acting Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

A jury found defendant Raheem Jones guilty of the murder of L.S. and related weapons offenses. State v. Jones, No. A-5394-15 (App. Div. Dec. 14, 2018) (slip op. at 2).[1] We affirmed the convictions on direct appeal, vacated the sentence imposed by the trial judge, and remanded for resentencing. Id. at 4. The judge re-sentenced defendant to life imprisonment with a period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the Supreme Court denied defendant's petition for certification. State v. Jones, 238 N.J. 426 (2019).

Defendant filed a timely pro se petition for post-conviction relief (PCR) in which he alleged trial counsel provided ineffective assistance (IAC). Among other things, defendant claimed counsel: failed to properly advise him of his sentencing exposure if he went to trial compared to the State's more favorable plea offer; failed to investigate a third-party guilt defense; and failed to properly advise him of his right to testify in his own defense. PCR counsel was appointed to represent defendant. In his brief and at oral argument, PCR counsel presented defendant's claims and additionally argued trial counsel failed to investigate defendant's alibi defense in addition to a third-party guilt defense.

---

[1] We use initials only because we did so in our prior opinion.

In support of the petition, defendant served a Paterson Police Department report recounting the officers' interview of Clive Haughton. Haughton told police that on the night of the murder, he was on the phone with the victim, who he first met at work. The victim said she could not speak with Haughton because her boyfriend, who had assaulted her in the past, would not let her go to the laundromat without him. Defendant's investigators attempted to locate Haughton in 2019 to no avail; their efforts were documented in several supplemental reports.

In addition, the investigators attempted without success to locate Sherell Pointer, defendant's cousin. PCR counsel claimed defendant told trial counsel he was with Pointer in Plainfield on the night of the murder, and they went to New York to do Christmas shopping. Again, several documents detailed investigators' efforts to locate Pointer. Defendant sought an evidentiary hearing on his PCR claims.

The PCR judge, who was also the trial judge, rendered an oral opinion addressing defendant's arguments and denying the petition. He entered a conforming order on July 7, 2020, and this appeal followed.

To succeed on an IAC claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and applied

3

by our Court in State v. Fritz, 105 N.J. 42, 58 (1987).  First, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  "To satisfy prong one, [a defendant] ha[s] to 'overcome a "strong presumption" that counsel exercised "reasonable professional judgment" and "sound trial strategy" in fulfilling his responsibilities.'"  State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)).  "[I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'"  Ibid. (alteration in original) (quoting State v. Chew, 179 N.J. 186, 217 (2004)).

Second, a defendant must show a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52).

Our rules anticipate the need to hold an evidentiary hearing on a PCR petition, "only upon the establishment of a prima facie case in support of post-conviction relief."  R. 3:22-10(b).  "A prima facie case is established when a

defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157–58 (1997)).

Before us, defendant reiterates the arguments made to the PCR judge. He contends the judge should have held an evidentiary hearing on his IAC claims because trial counsel's "misadvice led [defendant] to reject the State's plea offer," there were available "alibi and third[-]party defenses" counsel failed to present, and trial counsel's ineffective assistance "denied [defendant] his constitutional right to testify in his own defense." We disagree and affirm.

We begin by noting our review is limited because none of the facts defendant asserts to support his claims regarding his sentence exposure if he went to trial, or that he was with Pointer on the night of the murder, or that he wished to testify on his own behalf but trial counsel dissuaded him from doing so, are supported in the appellate record by defendant's verified petition, or a certification or affidavit from any witness. See R. 3:22-8 ("The petition shall

be verified by defendant and shall set forth <u>with specificity the facts upon which</u> <u>the claim for relief is based</u>, the legal grounds of complaint asserted, and the particular relief sought." (emphasis added)). Instead, we are furnished only with PCR counsel's brief and the argument he made to the judge. This procedural deficiency would be enough for us to affirm without considering the merits of defendant's IAC claims. Nevertheless, because the State has failed to raise the issue and for the sake of completeness, we address defendant's arguments.

In support of defendant's claim that trial counsel misadvised him of his sentencing exposure if he went to trial, defendant furnished the PCR judge with the Pretrial Memorandum completed by defense counsel and signed by defendant. Question four asked if "a mandatory period of parole ineligibility appl[ied]," and, if so, as to which count. Contrary to defendant's assertion that question four was left blank and unanswered, handwritten next to "85% Law Term" on the form was "Life," and "66 1/2 yrs" after "Term." Although the "yes/no" answer to question four was not circled, the PCR judge concluded, "it [wa]s amply clear . . . [defendant] was aware he was exposed to a life term with a lengthy parole ineligibility." We agree. Moreover, the form explicitly said the State's plea offer was a forty-five-year term of imprisonment subject to NERA, and restitution for the victim's funeral expenses. The record before us

demonstrates defendant was fully aware of the penal consequences of going to trial versus accepting the State's plea offer.

There is another reason why defendant's claim that he would have accepted a plea bargain if he knew what his potential sentence exposure was lacks merit. Defendant has uniformly asserted throughout the PCR proceedings that he had viable alibi and third-party guilt defenses that trial counsel failed to investigate or fully assert, thereby implicitly asserting his innocence. As the Supreme Court made clear in State v. Taccetta, a PCR petitioner cannot assert that he would have pled guilty but for his attorney's deficient performance, and at the same time assert his factual innocence. 200 N.J. 183, 196–97 (2009).

Without doubt, the "[f]ailure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction." Porter, 216 N.J. at 353. It is equally without doubt that "[w]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also State v. Jones, 219 N.J. 298, 311–12 (2014) ("[T]o entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough—rather, the defendant

7

'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" (quoting Porter, 216 N.J. at 355)).

The PCR judge rejected defendant's claim that trial counsel failed to investigate his alibi defense, stating:

> [T]here's nothing, absolutely nothing, which establishes that this is anything other than a recent fabrication on the part of [defendant]. There's no certification from Ms. Pointer. And absent that, this utterly unsupported contention cannot be the basis for a prima facie showing of any . . . ineffective assistance of counsel.

We agree, and the argument lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

We explain the context for defendant's related claim—counsel failed to investigate and assert a third-party guilt defense—which is equally unavailing. At trial, the jury heard the victim's 9-1-1 call in which she "told the operator[,] 'I was stabbed to death. My boyfriend stabbed me . . . all over my body.'" Jones, slip op. at 6. Defendant's PCR counsel asserted the victim's reference to her boyfriend was a reference to Clive Haughton.

At trial, the victim's mother and other witnesses said she was dating Clive at the time she was murdered, and that defendant was her ex-boyfriend. In her summation, defense counsel vigorously argued that when the victim told the

dispatcher her boyfriend stabbed her, she meant Clive, not defendant. In short, trial counsel fully presented a third-party guilt defense, but given the other substantial evidence of defendant's guilt, the jury rejected the contention. That does not mean counsel's performance was deficient.

Defendant implies Haughton should have been called as a witness. However, the police spoke with him, and, if Haughton testified consistently with the information he gave to police as cited above, his testimony would not have helped defendant in the least.

Lastly, the record belies defendant's claim that he wished to testify and trial counsel dissuaded him from doing so without explanation. Trial counsel engaged in extensive questioning of defendant under oath, and the exchange illustrates counsel fully explained defendant's right to testify, the possible consequences of his choice, and the option to have the jury instructed to draw no inference from defendant's choice not to testify, and that defendant knowingly and voluntarily waived his right to testify. The PCR judge found that to be the case, and so do we.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

9